On Applicatiok por Rehearing.
Watbiins, J.
The object of this suit is to expropriate the use of, or an easement over the defendant’s right of way from the town of *1282 Lafayette in this State to the Sabine river, a distance of one hundred' and five and forty-one one-hundredth miles, as being necessary for the use of the plaintiff in the establishment and operation of its line of telegraph along the route of the defendant’s railroad track.
Our opinion holds that plaintiff has the legal right to make such an expropriation, without disturbing the fee of defendant’s title; and increased the jury’s award of damages so as to allow the defendant the sum of two thousand one hundred dollars, the award of the jury having been fixed at eight dollars and fifty cents per mile,, equal, approximately, to eight hundred and ninety-two dollars and fift^ cents.
The opinion made reference to the case of Postal Telegraph and Cable Company of Louisiana vs. Morgan’s Louisiana and Texas Railroad and Steamship Company, 49 An. 58, in which the same plaintiff instituted proceedings to obtain a similar condemnation of the right of easement for its line of telegraph along the, route of the-defendant’s track from the city of New Orleans to the town of Lafayette; and it treated the instant suit as one for the extension of its line from Lafayette to the Sabine river.
It attracted attention to the fact that the jury, in the case cited,, awarded the defendant fifty-four dollars per mile, and that same, was approved by the judgment of this court on appeal.
In this application, the plaintiff’s counsel complain (1) that this-court improperly exercised the prerogative of amending and increasing the amount awarded by the jury; (2) that some explanation should be made of the grounds on which our opinion proceeds in making an increased allowance.
In the first place, we at once recognize the full force of the decisions quoted in counsel’s brief, to the effect that a jury of freeholders in matters of eminent domain possess, in a limited sense, the character of experts, and that their verdict has that authority in a general sense; and, that such is the jurisprudence of this court, as well as the courts of the country, none will doubt. But this concession does not imply that the power, authority, or jurisdiction of this court, as an appellate tribunal, is not adequate to deal with the verdict of such a jury as in any other case, having a due regard for and appreciation of the evidence upon which they acted.
The maxim resulting from that jurisprudence is, that the verdict of such a jury possesses greater weight than that of an ordinary *1283 jury, because of their being empowered by law to act upon knowledge of their own; and, consequently, it is supposed to exercise a. more potential influence with an appellate tribunal than that of any other.
We were not unmindful of that maxim in rendering our opinion, and-in amending and increasing the jury’s award as we did.
Appreciating the manifest discrepancy that existed between the-jury awards in the two cases against the same company for the condemnation of a like easement on the right of way along the same line of railway, we felt it to be our duty to reconcile the same in the-only way in which it was practicable by increasing the award in the case under consideration.
In this effort we carefully examined the facts appertaining to the instant case, and found and, in our opinion, reported accordingly.
The increased^ allowance will be seen by asimple calculation to-have been based upon twenty dollars per mile for one hundred and-five miles in extent of railroad track; that is to say thirty-four dollars per mile less than the jury awarded, and this court approved in the other case the resulting difference, principally, growing out of the difference in the character and topography of the country the-line traverses, and that of the difficulties and expense attending the construction of same.
A careful examination of the application and record has satisfied our minds that our opinion is sound, as well as just and equitable.
Rehearing refused.
Nicholls, C. J. absent; ill.